**BESTWAY SYSTEMS, INC.,**
**Plaintiff–Appellee,**

v.

**GULF FORGE COMPANY,**
**et al., Defendants,**

**Ellwood Quality Steels Company,**
**Defendant–Appellant.**

**No. 95–20938.**

United States Court of Appeals,
Fifth Circuit.

Nov. 12, 1996.

Henry E. Seaton, John T. Husk, Falls Church, VA, for Plaintiff–Appellee.

Nicholas P. Vari, Kirkpatrick & Lockhart, Pittsburgh, PA, for Defendant–Appellant.

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

PER CURIAM:

After considering the argument of counsel, the briefs, and the relevant portions of the record, this Court concludes that the district court correctly rendered judgment for the carrier, plaintiff-appellee Bestway Systems, Inc. (Bestway), against the shipper, defendant-appellant Ellwood Quality Steels Company (Ellwood). We are generally in agreement with the district court's findings of fact and conclusions of law, a copy of which is attached hereto. The district court's findings of fact are essentially unchallenged. We note that the bills of lading were prepared and signed by Ellwood and were furnished by it to Bestway when Bestway picked up Ellwood's goods. Typed in on the bill of lading before Ellwood's name is the word "shipper." There is no place on the bill of lading, in either the preprinted form portion or the typed portion thereof, in which the name of the "consignor" is to be stated; nor does anything on the bill of lading otherwise indicate or suggest that the "shipper" or Ellwood was not the consignor or that the "shipper" and the consignor might be different entities. The only question presented is whether the proper construction of the bills of lading, to which Ellwood indisputably made itself a party, is that Ellwood is the consignor therein. If so, as Ellwood concedes, its failure to sign the section 7 disclaimer renders it liable to Bestway. We conclude, as did the district court, that under the circumstances the only proper interpretation of the bills of lading is that Ellwood was the consignor therein.[1] Accordingly, the judgment of the district court is

AFFIRMED.

## ATTACHMENT

In the United States District Court

for the Southern District of Texas

Houston Division

Bestway Systems, Inc., Plaintiff,

v.

Gulf Forge Company and Ellwood Quality Steel Company, Defendants.

Civil Action No. H–93–1636

Oct. 12, 1995.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

RAINEY, District Judge.

### I.

### STATEMENT OF THE CASE

Between April, 1992 and July, 1992, Plaintiff Bestway Systems, Inc. ("Bestway"), an

---

1. We have no disagreement with *Thunderbird Motor Freight Lines, Inc. v. Seaman Timber Co., Inc.*, 734 F.2d 630 (11th Cir.1984), relied on by Ellwood, but there the shipper did not sign or adopt any bill of lading, and there was no other contract between the shipper and the carrier.

interstate regulated motor common carrier, transported twenty–one shipments in interstate commerce from the facilities of Defendant Ellwood Quality Steel Company ("Ellwood") in New Castle, Pennsylvania, to the facilities of Defendant Gulf Forge Company ("Gulf Forge") in Houston, Texas, pursuant to bills of lading prepared by Ellwood and executed by Bestway at the time of pick–up. Other than Bestway's driver appearing at Ellwood's gate and the bills of lading, there were no communications between Bestway and Ellwood either prior to or during the course of the twenty–one shipments.

Each of the twenty–one bills of lading indicates that each shipment moved on a collect basis. Section 7 of the terms and conditions was not executed on any of the bills of lading. Bestway has invoiced Gulf Forge for each shipment at its published tariff rate and has not been paid the outstanding freight charges of $30,647.04. Based on the failure of Gulf Forge to pay as the consignee, Bestway has submitted these invoices to Ellwood for payment. Ellwood has refused to pay these outstanding charges. The instant suit followed; Bestway claims that under established interstate transportation law, Ellwood is liable for the shipping charges because it is the consignor and because it failed to execute Section 7 of the bills of lading, bills which it prepared. Ellwood claims that it did not hire nor enter into any other contract with Bestway on which it should be held liable for the shipping charges its customer; Gulf Forge, incurred.

While both Gulf Forge and Ellwood appeared at the commencement of this suit, Gulf Forge informed Bestway's counsel, who then informed the Court, that Gulf Forge would no longer participate in this suit. Gulf Forge did not appear for trial.

After considering the evidence presented at trial and the applicable law, the Court makes the following findings and conclusions:

## II.

### FINDINGS OF FACT

1. Bestway is an irregular route common carrier authorized by the Interstate Commerce Commission ("ICC") to transport general commodities between points in the United States.

2. Ellwood, a wholly owned subsidiary of Ellwood Group, Inc., is a manufacturer of steel items.

3. Between April, 1992, and July, 1992, Gulf Forge, a significant customer of Ellwood, ordered various steel ingots from Ellwood.

4. Ellwood shipped twenty–one shipments in interstate commerce from its facilities in New Castle, Pennsylvania, to Gulf Forge in Houston, Texas, via Bestway's trucks.

5. Ellwood did not contact Bestway, and no one affiliated with Ellwood told Bestway that Ellwood would assume any liability for shipping costs incurred in connection with Bestway's delivery of the ingots to Gulf Forge.

6. The purchase orders reflecting Gulf Forge's purchases of the ingots from Ellwood indicated that the ingots were to be shipped on an "as–advised" basis, which meant that Gulf Forge selected the carrier that would deliver the ingots.

7. Gulf Forge selected Bestway to deliver the ingots and entered into a contract with Bestway to that end.

8. All shipments moved pursuant to a uniform bill of lading. The bills of lading were preprinted, single–sided forms that Ellwood purchased from a business supply store.

9. Ellwood prepared the bills of lading.

10. The form bills of lading were executed by Ellwood's dock personnel and given to Bestway's drivers at the time of pick–up.

11. There were no communications between Bestway and Ellwood prior to the time at which Bestway's driver would arrive at Ellwood's gate to pick up the ingots.

12. Each bill of lading was marked "Collect."

13. Each bill of lading provided that "Subject to Section 7 of the conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the con-

signor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all lawful charges." Section 7 was not executed on any of the bills of lading.

14. Ellwood's name appears on the form in the block marked "shipper."

15. Gulf Forge is in default and judgment against it is appropriate.

### III.

### CONCLUSIONS OF LAW

1. Section 42 of the Interstate Commerce Act defines "consignor" as "[t]he person named on the bill as the person from whom the goods have been received for shipment." See U.S. Code, Title 49, App., § 122.

2. The shipper is presumably the consignor. *Louisville & Nashville R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900 (1924).

3. The shipper–consignor is presumed to be primarily liable to the carrier for freight charges on interstate shipments of goods. *Louisville & Nashville R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900 (1924); *O'Boyle Tank Lines, Inc. v. Beckham*, 616 F.2d 207, 209 (5th Cir.1980).

4. The presumptions that the shipper is the consignor and that the consignor is primarily liable to the carrier for freight charges on interstate shipments of goods may be rebutted by the bill of lading or other facts and documents which indicate another has the true beneficial interest in the goods being shipped. *Louisville & Nashville R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 44 S.Ct. 441, 68 L.Ed. 900 (1924); *O'Boyle Tank Lines, Inc. v. Beckham*, 616 F.2d 207, 209 (5th Cir.1980).

5. In *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982), the United States Supreme Court held that a consignor who tenders an interstate shipment to a carrier and who executes a bill of lading contract is liable to the carrier for payment of freight charges unless it executes the Section 7 recourse provisions provided for that purpose.

6. In *Missouri Pacific Railroad Co. v. Center Plains Industries, Inc.*, 720 F.2d 818, 819 (5th Cir.1983), the Fifth Circuit held that "[p]ayment of [freight charges] is the original responsibility of the shipper. The responsibility may be shifted to a third party, generally the consignee of the shipment. But the transfer of this responsibility must be clearly established by agreement between the parties or circumstances surrounding the receipt and transportation of the goods. Typically, transfer of responsibility of payment of shipping charges is done by the shipper, exercising privileges made available by Section 7 of the contract terms and conditions ... by the simple expedient mark in the Section 7 box of the bill of lading."

7. The evidence does not indicate that Ellwood has rebutted the presumption that the "shipper" is the "consignor" or that the consignor is primarily liable for the payment of freight charges. Under existing principles of federal transportation law, if Ellwood had wished to escape liability for repayment of freight charges, it could have "... effectuated its release from liability by executing the non recourse clause in the bill of lading." See *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 343, 102 S.Ct. 1815, 1820, 72 L.Ed.2d 114 (1982).

8. Ellwood Quality Steels Company, as the consignor of the collect shipments, is jointly and severally liable with the consignee, Gulf Forge Company, for outstanding freight charges in the amount of $30,647.04, based upon Ellwood's failure to execute the non–recourse provisions of the bill of lading or otherwise clearly indicate on the bills of lading contracts that it would not accept customary consignor liability for such charges.

9. Bestway is not entitled to recover attorneys' fees from Ellwood. *Missouri Pacific*, 720 F.2d at 819.

To the extent that any conclusion of law is more properly characterized as a finding of fact the court adopts it as such. To the extent that any finding of fact is more prop-

erly characterized as a conclusion of law the court adopts it as such.

The Clerk shall enter these Findings of Fact and Conclusions of Law and provide a true copy to all parties.